A90A1767. GANT v. THE STATE.
(398 SE2d 301)

BANKE, Presiding Judge.

The appellant was convicted of three counts of selling cocaine in violation of the Georgia Controlled Substances Act based on testimony that, on three separate occasions, he had sold cocaine to an undercover agent from his home. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the three offenses. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that he received ineffective assistance of counsel due to his trial counsel's failure to subpoena a witness who could have offered testimony in support of his asserted alibi defense. The three sales which the appellant was accused of making occurred on April 27, May 4, and June 2, 1989, respectively. The appellant testified that he normally would have been at work rather than at home at the time these sales were alleged to have occurred; however, he acknowledged that he "could have" been at home. In support of his ineffectiveness of counsel claim, he submitted an affidavit from his next-door neighbor, who averred that she was "familiar with the schedule that he works and the hours that he normally keeps" and that it was "highly unlikely" he would have been at home at the times in question.

The appellant's trial counsel testified at the hearing on the motion for new trial that he was not aware of the existence of any witness who could have testified that the appellant was not at home on the dates alleged in the indictment, and he further testified that he felt it was "somewhat beneficial" to have the final argument in a case. In view of the fact that neither the appellant's own testimony nor that of his purported alibi witness was such as "reasonably to exclude the possibility of [his] presence" at the scene at the time the offenses were committed, as required by OCGA § 16-3-40 to establish an alibi defense, it is by no means apparent that it would have been more beneficial to him to have presented this witness' testimony than to have had the concluding argument in the case. Accordingly, the trial court did not abuse its discretion in refusing to grant a new trial based on the appellant's claim of ineffective assistance of counsel. See generally *Austin v. Carter*, 248 Ga. 775, 779 (285 SE2d 542) (1982).

3. The appellant contends that the trial court erred in refusing to allow him to cross-examine one of the two undercover agents to whom the sales had been made "as to his relationship with a confidential informant" who had accompanied him to the appellant's residence. While the appellant concedes that he was not entitled to know the identity of the informant, see generally *Little v. State*, 165 Ga. App. 389, 392 (4) (300 SE2d 540) (1983), he argues that he "had every right to have the jury know whether or not the confidential informant was truly a concerned citizen assisting law enforcement agents in Georgia, or was in fact no more than a stool pigeon or a snitch seeking to use this appellant's freedom to buy his own." Inasmuch as such information would have had no bearing whatever on the appellant's guilt or

innocence of the charges for which he was on trial, we find this enumeration of error to be without merit.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 22, 1990.

*Ray C. Smith*, for appellant.

*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.