## A96A1280. MELTON v. THE STATE.
(474 SE2d 640)

RUFFIN, Judge.

A jury convicted Walter Keith Melton of rape and sodomy. He appeals the judgment of conviction with seven enumerations of error. For reasons which follow, we affirm.

1. Melton first contends trial counsel was ineffective because he failed to present any evidence to substantiate Melton's alibi defense for the May 11, 1979 rape. After a hearing in which trial counsel testified, the trial court determined that trial counsel was effective. We

agree. The false face of this error is apparent, and its innumerable variants have not placed it beyond the pale of our recognition, nor diminished our disdain for it.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). In addition, the trial court's determination that a defendant has not been denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Jones v. State*, 217 Ga. App. 722, 723 (2) (458 SE2d 894) (1995).

At trial, Melton testified that he spent the majority of the weekend, Thursday through Sunday, with his family and that "[s]omewhere during that time, before Saturday, I went and got a puppy. . . ." He remembered learning of the puppy from an advertisement in the newspaper which came out on Thursday of the same week. Even if Melton picked up a puppy on May 11, 1979, this testimony does not reasonably exclude the possibility that Melton was present at the rape scene at the time it was committed. Thus, Melton's explanation did not constitute an alibi. OCGA § 16-3-40; *Storey v. State*, 205 Ga. App. 610, 612 (3) (422 SE2d 879) (1992).

Melton asserts his trial counsel should have presented the testimony of Robin Robinson, Melton's wife at the time of the rape, and should have introduced the May 10, 1979 Newnan newspaper advertisement for a bird dog. Melton's trial counsel testified at the hearing on the motion for new trial that he spoke with Robinson in preparing for Melton's trial and learned that Robinson had some information about the purchase of the dog. However, according to trial counsel "at that point, [Robinson] was [un]able to give us a whole lot of information about it. . . ." Even at the hearing on the motion for new trial, Robinson testified that Melton got the dog in May 1979, but admitted she could not identify the exact date Melton brought the dog home. Since this testimony would not constitute an alibi under OCGA § 16-3-40, Melton was not prejudiced by trial counsel's failure to call Robinson as a witness.

Furthermore, according to trial counsel, he made a tactical decision that Robinson would not make a good witness and that the benefit of calling Robinson as a witness was less than the strategic advantage of having the last closing argument. "In view of the fact that neither [Melton's] own testimony nor that of his purported alibi witness was such as 'reasonably to exclude the possibility of (his) pres-

ence' at the scene at the time the offenses were committed, as required by OCGA § 16-3-40 to establish an alibi defense, it is by no means apparent that it would have been more beneficial to him to have presented this witness' testimony than to have had the concluding argument in the case." *Gant v. State*, 197 Ga. App. 351, 352 (2) (398 SE2d 301) (1990).

We are unable to conclude that Melton was prejudiced by trial counsel's failure to introduce the newspaper advertisement into evidence at trial. The advertisement did not establish Melton's whereabouts at the time of the rape, and it is highly unlikely that admission of the advertisement into evidence would have changed the outcome of the trial.

Melton "has not overcome the presumption that counsel's failure to call the alibi witness [and introduce the newspaper advertisement was] made in the exercise of reasonable professional judgment." *Jackson v. State*, 209 Ga. App. 217, 222 (7) (433 SE2d 655) (1993). As appellate judges we must tread the path trod by the trial judge. As we tread that path, we do so with the illuminating lantern of the law in one hand and the sabre of truth in the other. Regardless of how illuminating or tempting, we cannot veer from the trail of the trial judge's path. And the sabre is used to excise error, not to behead the trial judge. If the light of the law exposes no error, the sabre must be resheathed until another day, or another case. Accordingly, the trial court's finding that Melton was afforded effective assistance of counsel was not clearly erroneous. Id.; *Gant*, supra.

2. Melton next contends the trial court erred in failing to allow him to cross-examine the victim on pending criminal charges. We disagree.

During cross-examination of the victim, defense counsel attempted to go into the victim's juvenile record for the theft of two motor vehicles. Counsel asked, "[a]re you as truthful today as you were when you took those two automobiles over in DeKalb (sic) County?" The State objected on the ground that the question attempted to improperly impeach the witness. Defense counsel then specifically withdrew the question. After a brief discussion, defense counsel agreed the jury should be instructed to disregard the question and stated that he did not intend to pursue the line of questioning. Since Melton voluntarily abandoned this line of inquiry, he cannot complain on appeal. *Wilburn v. State*, 199 Ga. App. 667, 668 (2) (405 SE2d 889) (1991) (physical precedent only); *Johnson v. State*, 158 Ga. App. 333 (280 SE2d 379) (1981).

Furthermore, according to defense counsel, both of the victim's vehicle thefts occurred after the victim's initial rape complaint in this case, only one of the incidents had been adjudicated at the time of trial, and defense counsel did not have a certified copy of the adjudi-

cated delinquency. Thus, it is doubtful whether the adjudication would have been admissible. See *McBee v. State*, 210 Ga. App. 182 (1) (435 SE2d 469) (1993); *Woods v. State*, 210 Ga. App. 172, 173 (1) (435 SE2d 464) (1993).

3. In his third enumeration of error, Melton asserts the trial court erred in failing to give two requested charges concerning reasonable doubt. However, the record reveals that the trial court charged the jury on reasonable doubt and adequately covered the requested principle of law. " 'The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal.' [Cit.]" *Hill v. State*, 250 Ga. 277, 284 (5) (295 SE2d 518) (1982). Moreover, "the trial court's reference to a moral and reasonable certainty appears in the context of a charge which as a whole repeatedly and accurately conveyed to the jury the concept of reasonable doubt. Accordingly, that reference did not lessen the burden of proof necessary to obtain a conviction, and therefore did not violate the Due Process Clause." (Citations and punctuation omitted.) *Armstrong v. State*, 265 Ga. 18, 19 (3) (453 SE2d 442) (1995).

4. Melton contends the trial court erred in failing to charge the jury on identity. However, the trial court did charge on the defense of alibi. Thus, no reversible error occurred. *Favors v. State*, 166 Ga. App. 764 (2) (305 SE2d 475) (1983); *Hamby v. State*, 158 Ga. App. 265 (3) (279 SE2d 715) (1981).

5. The trial court did not err in failing to charge on simple battery. Melton argues that evidence indicating he forcibly grabbed the victim's head, pushed it down and placed his penis in her mouth constituted sufficient evidence to demand a charge on simple battery. However, Melton admitted at trial that he committed sodomy and contended that the victim consented to committing the sexual acts. This identical issue was decided contrary to Melton in *Jones v. State*, 194 Ga. App. 356, 357 (3) (390 SE2d 623) (1990).

In *Jones*, we held as follows: "The appellant contends that the trial court erred in refusing to instruct the jury that they could find him guilty of simple battery as a lesser offense included in the crime of aggravated sodomy. The appellant admitted that he had engaged in the act of sodomy with the victim but maintained that he had done so with her consent. If so, then no battery was committed. If not, then the admitted act of sodomy was aggravated. [Cit.] It follows that no charge on simple battery was required. [Cit.]" Id. Accordingly, Melton was not entitled to a charge on simple battery.

6. Melton asserts the trial court erred in allowing his custodial statement to go out with the jury because it contained references to sex crimes not included in the indictment. We disagree. The record reveals that during a *Jackson-Denno* hearing regarding the admissi-

bility of his statement, Melton objected to that portion of his statement referring to other crimes. The trial court agreed and stated, "I'm not going to let the whole thing go in, not that part about previous offenses."

Subsequently, a redacted version of the statement was read to the jury. The State then introduced the statement into evidence to perfect the record and the following colloquy occurred: "[PROSECUTOR]: [W]e're going to introduce it for purposes of the record. We understand that it's not allowed to go out with the jury, but for the purposes of the record, it needs to be introduced. [DEFENSE COUNSEL]: For purposes of the record, that's fine, as long as it's not taken out to the jury. [The Court]: Well, it has to be introduced in evidence." It appears from the record that the complained of portion was not given to the jury, but admitted only to perfect the record on appeal. While Melton argues the record is silent regarding whether the entire statement was given to the jury, thereby creating the inference that the portion of his statement regarding other crimes actually went to the jury, he has produced no evidence confirming his assertions. Moreover, when the trial court instructed counsel to examine the evidence before it went to the jury, Melton's trial counsel responded, "[i]t looks all right, Your Honor." If error, it is an embraced error, and an embraced error is an earned error, hence not redressable.

Moreover, "[i]t is a sound rule of appellate practice that the burden is always on the appellant in asserting error to show it affirmatively by the record. [Melton] has not met his burden and it is not the function of this court to cull the record on behalf of a party in search of instances of error." (Citations and punctuation omitted.) *Millis v. State*, 196 Ga. App. 799, 800-801 (4) (397 SE2d 71) (1990). Thus, we find this enumeration of error lacks merit.

7. The trial court properly charged the jury on sodomy. Since Melton did not object to this charge during the charge conference or following the charge and did not reserve the right to object, he has waived any objection to this charge. *Roura v. State*, 214 Ga. App. 43, 44 (2) (a) (447 SE2d 52) (1994). In addition, although Melton argues in his brief that nonviolent sexual acts, including sodomy, between consenting adults should be beyond the enforcement powers of the State, this issue was not raised at trial. Accordingly, this allegation of error has not been preserved for appeal. *Hestley v. State*, 216 Ga. App. 573, 576 (3) (455 SE2d 333) (1995).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 5, 1996 —
RECONSIDERATION DENIED AUGUST 20, 1996 —

*Jones & Heard, Derek H. Jones,* for appellant.

*Thomas J. Charron, District Attorney, Joan V. Bloom, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.