A96A2517. STEPHENS v. THE STATE.

(480 SE2d 235)

BLACKBURN, Judge.

Donald Stephens appeals his convictions of aggravated child molestation, incest, statutory rape, rape, cruelty to children, aggravated sexual battery and child molestation. He enumerates as error the trial court's denial of his motion for funds to hire an expert witness and his motion for new trial based on ineffective assistance of counsel. He further contends that he was compelled to testify against himself in violation of the U. S. Constitution.

1. Stephens' contention, that the trial court erred in denying his motion for funds to hire an expert witness to rebut the State's use of DNA evidence, is not supported by the record. The standard of review is whether the trial court abused its discretion in denying Stephens' motions.

The record on appeal does not contain a copy of the motion for funds to hire an expert, the transcript of the hearing on the motion, or the order denying the motion. Thus, this Court cannot determine what evidence was before the trial court when it denied the motion. Accordingly, this Court must affirm the trial court's ruling. *Burnette v. McCarter*, 211 Ga. App. 781, 783 (3) (440 SE2d 488) (1994) (appeal dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in affirmance).

2. A DNA test had showed a 99.76 percent probability that Stephens was the father of Justin Tucker, the infant son of Stephens' stepdaughter, whom Stephens was accused of raping and molesting. Stephens requested that a second DNA test be performed at State expense.

The prosecution agreed to perform the requested test, on the condition that Stephens plead guilty if the requested test established his paternity with at least a 90 percent degree of probability. The parties reduced the agreement to writing, and the document was prepared by Stephens' attorney. The written agreement provided that (1) Stephens would agree to plead guilty if the second test established a 90 percent or greater probability of Stephens' paternity, (2) the second test would be admissible at trial, and (3) the written agreement would also be admissible at trial.

The second test showed a 99.69 percent probability that Stephens was the father of Justin Tucker. Stephens however refused to plead guilty and proceeded to trial contrary to the agreement. At trial, the results of the second test and the written agreement were admitted without objection. On appeal, Stephens argues that the State, by conditioning the second test on his agreement to plead guilty and to allow the agreement to be used at trial, compelled him to testify against himself in violation of his rights under the U. S. Constitution. Stephens did not object to the admission of the agreement or the second test at trial, and thus waived any objection thereto. See *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991).

3. Stephens also argues that the trial court erred in denying his motion for new trial based on ineffective assistance of counsel on two grounds. Stephens claims he failed to receive effective counsel because his trial attorney failed to timely subpoena his wife, Vera Mae Stephens, as a witness, and did not strike a juror who knew Stephens.

A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hudson v.*

*State*, 218 Ga. App. 671, 672 (1) (462 SE2d 775) (1995). The trial court found that Stephens satisfied neither of these elements and denied his motion for new trial. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

At the motion for new trial, Stephens' attorney testified that he spoke with the prospective witness, Vera Mae Stephens, several times prior to trial and did not believe her testimony would be of benefit to Stephens. Ms. Stephens was Stephens' wife and the mother of one of the victims. She had also been named in the indictment as a co-defendant with respect to the other victim, although she was not tried with Stephens. The record shows that the only testimony Ms. Stephens might have provided was that she had no knowledge of Stephens' alleged actions and that the victims never reported the crimes to her. However, Stephens' trial counsel indicated that he was not certain that, if called, she would in fact cooperate or provide such testimony.

Moreover, Ms. Stephens' daughter herself admitted at trial that she never told her mother about Stephens' acts and that no one ever discovered her relationship with Stephens. The testimony of the other victim also showed that she had not reported Stephens' acts to Ms. Stephens. Thus, Ms. Stephens' testimony would have been essentially duplicative of the evidence adduced at trial and would have added nothing for the jury's consideration.

Stephens' trial attorney testified that Ms. Stephens did not think or express herself clearly and would not have made a helpful witness. He also testified that, although he had not decided to call Ms. Stephens as a witness, he did attempt to have her served with a subpoena prior to trial, but that it appeared she was evading service. While the attorney's testimony suggested that he attempted to subpoena Ms. Stephens in part to avoid a claim of ineffective assistance of counsel, inasmuch as there was a legitimate basis for not calling Ms. Stephens as a witness, such decision was a matter of trial strategy.

Stephens' contention that he received ineffective assistance of counsel because his trial counsel failed to strike a juror who knew him is without merit. The evidence shows that the attorney did not strike the juror because he was saving his final strike for another prospective juror whom the attorney felt it was more important to strike. The attorney also testified that Stephens did not seem to have a problem with the first juror and did not request that she be removed. The attorney's decision to strike one juror as opposed to another was a matter of strategy. The trial court's finding that the attorney's actions did not constitute ineffective assistance of counsel

was not clearly erroneous. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 2, 1997.

*John F. McClellan, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.