## A98A1211. PHILLIPS v. THE STATE.
### (504 SE2d 762)

RUFFIN, Judge.

A jury found James Edward Phillips guilty of criminal attempt to commit aggravated sodomy. Phillips filed a motion for new trial, asserting that his trial counsel was ineffective in failing to present evidence in support of his alibi defense. The trial court denied the motion, concluding that trial counsel was effective. Phillips appeals, and for the following reasons, we affirm.

"To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. Further, the trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Wynn v. State,* 228 Ga. App. 124, 127 (3) (491 SE2d 149) (1997).

Viewed in a light most favorable to support the verdict, the evidence reveals that on December 13, 1996 the victim was living at the Savannah West Apartments in Richmond County, Georgia. Phillips lived in another building of the apartment complex with Tiffany Burkhalter, his then girlfriend and current wife. The victim testified that at 7:00 on the morning of December 13, she left her apartment to check her laundry in the laundry room of her building. A man passed her as she walked from her apartment to proceed down the hall towards the laundry room. According to the victim, she looked the man directly in the face and said good morning, to which he only mumbled and continued walking. The victim checked her laundry and returned to her apartment. Several minutes later, she went back to recheck her laundry. As she was placing her clothes in a dryer, the

same man she had seen in the hall placed his arm around her neck, spun her around so that they were face to face, and then threw himself on her. The victim said that they fell to the floor, and the attacker began making gyrating motions and animalistic noises. The attacker, who had his pants down, then rubbed his genitals across the victim's face. The victim was able to push the attacker away, at which time she ran to her apartment and locked the door. The victim gave the police a detailed description of her attacker, noting that he was a short male, and described him by color, in his mid-twenties with short dark hair. The victim identified Phillips as her attacker in a photographic lineup and at trial.

George Canady, one of the victim's neighbors, testified that on the morning of December 13, he was in bed when he heard the victim scream. He looked from his window, at which time he saw the male, approximately 5' 8", running in the general direction of Canady's apartment. The man was running from the laundry room and was attempting to zip his pants. Canady said he got a good look at the man, whom he later identified as Phillips.

The State presented evidence that Phillips' fingerprint was found on the door of the laundry room where the victim was attacked.

At the hearing on Phillips' motion for new trial, Burkhalter testified that at the time of the attack both she and Phillips were home in their apartment and Phillips was asleep. Burkhalter further said that she advised Phillips' attorney of this fact and was present and available to testify at trial. However, defense counsel never called her.

Defense counsel testified that she was aware of the alibi defense and in fact served notice to the State of this defense and of the two witnesses, Phillips and Burkhalter, who were to testify in support of it. According to defense counsel, at trial she spoke at length with Phillips, his mother, and Burkhalter regarding whether to present this defense by calling the witnesses or to retain the concluding argument. Counsel said that she and Phillips made a joint decision not to call him or Burkhalter, because the harm that could come from their testimony outweighed the good. Specifically, defense counsel testified that Phillips was very nervous and skittish and would have had problems testifying. Defense counsel and Phillips mutually agreed that he would not testify. They also agreed Burkhalter would not make a good witness, as her testimony may have brought out that she was pregnant with Phillips' child, that Phillips was dating another woman who had filed a complaint against him as a peeping tom, and that Phillips had been previously arrested. Defense counsel also testified that in her judgment, Burkhalter would not have been convincing to the jury. Ultimately, defense counsel said she did not believe that the alibi defense was worth giving up the closing argu-

ment, given the possible damaging evidence that could be introduced by presenting the defense. At the motion hearing, Phillips put forward no evidence to dispute defense counsel's testimony.

"The decisions on which witnesses to call . . . what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with the client." (Citations, punctuation and emphasis omitted.) *Austin v. Carter*, 248 Ga. 775, 779 (3) (c) (285 SE2d 542) (1982). Additionally, " '[t]he decision not to pursue the defense of alibi is one of trial strategy with which we will not generally interfere. Trial strategy and tactics do not equate with ineffective assistance of counsel.' [Cit.]" *Polk v. State*, 225 Ga. App. 257, 259 (1) (c) (483 SE2d 687) (1997).

In the instant case, defense counsel's decision not to call Phillips or Burkhalter to testify was the result of defense counsel's trial strategy and tactics after consultation with Phillips. *Austin*, supra; *Polk*, supra. Given defense counsel's uncontroverted testimony that she was prepared to call alibi witnesses but chose not to after hearing the state's case and conferring with Phillips, Phillips " 'has not overcome the presumption that counsel's failure to call the alibi witness[es was] made in the exercise of reasonable professional judgment.' [Cit.]" *Melton v. State*, 222 Ga. App. 555, 557 (1) (474 SE2d 640) (1996). Accordingly, we cannot conclude that defense counsel's representation in this instance fell below an objective standard of reasonableness. See *Stephens v. State*, 224 Ga. App. 184, 185 (480 SE2d 235) (1997).

Moreover, Phillips has failed to show that, despite the overwhelming evidence of his guilt, there is a reasonable probability that but for this counsel's trial tactics the results of the trial would have been different. See id. Therefore, the trial court's finding that Phillips was afforded effective assistance of counsel was not clearly erroneous. *Melton*, supra; see *Wynn*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED JULY 24, 1998.

*Lawrence D. Galehouse*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.