## A98A2317. BROWN v. THE STATE.
### (517 SE2d 529)

POPE, Presiding Judge.

James Brown, Jr., appeals the denial of his motion for new trial following his conviction on one felony count of theft by taking. We affirm.

On the afternoon of October 20, 1994, the Atlanta Police Department received a report that two men had a truck backed up to the loading dock of a closed warehouse. When police arrived they observed two men in a pickup truck loaded with aluminum pulling away from the bay doors of the warehouse. The officers stopped the truck, in which Brown was a passenger, as it pulled out of the warehouse driveway onto the public road. Police subsequently observed tire tracks on the grass leading away from the warehouse doors to the driveway and discovered that the doors to the warehouse had been broken open.

When questioned, Brown told the officers that "some dude," whose name he did not know, had told him that there was some aluminum at this location he could pick up. He said that he had not broken into or gone inside the warehouse, but had just picked up aluminum off the loading dock. Upon investigation, S.C. Cartwright, the detective in charge of the case, determined that the aluminum in the pickup truck was similar to that found inside the warehouse and that it showed no signs of having been outside. The aluminum in the pickup truck was dusty, as was the aluminum still remaining in the warehouse. Both Brown and the pickup driver were arrested and charged with burglary and theft by taking. Brown was acquitted of the burglary charge, but convicted of felony theft by taking, and this appeal followed.

1. As his first enumeration of error, Brown contends that the

state failed to produce sufficient evidence to prove that the value of the aluminum exceeded $500 as required to sustain his felony conviction. On appeal we view the evidence with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bereznak v. State*, 223 Ga. App. 584 (478 SE2d 386) (1996).

The evidence at trial showed that the warehouse belonged to Shower-Lux, a company that manufactured shower doors. Although the company had closed its Atlanta manufacturing operation in 1992, it maintained the warehouse to store aluminum. The company's one remaining employee, Tanya Brock, testified that she had worked with Shower-Lux since 1986 and held the position of supervisor of the Euro Collection Department prior to the closing of the Atlanta operations. Since that time, Brock had been employed by the company to pick up their mail and oversee the maintenance of the warehouse. Brock explained that the company kept scrap aluminum in a back room of the warehouse in barrels, but kept raw aluminum used to manufacture shower doors on racks in the front and back of the warehouse.

She identified the aluminum in the back of the truck as raw aluminum, not scrap. When asked to place a value on the aluminum, she testified, "I would say just in the back of the truck, not to be scrap but to buy at our costs was probably around $2,000." In addition to Brock's testimony, Detective Cartwright testified that when he arrived on the scene, he observed a truck full of "new aluminum," and the state introduced pictures taken of the truck with the aluminum.

Generally, an opinion of value based solely on the cost of an item is considered to have no probative value. *Ragsdale v. State*, 170 Ga. App. 448, 449 (317 SE2d 288) (1984). However, "[c]ost price of an item coupled properly with other evidence such as a showing of the condition of the item at the time of purchase and at the time its value is in issue may be admitted as an element upon which an opinion may be formed as to the item's value. [Cit.]" Id. "It has been held that direct proof of value is not essential in prosecutions for theft by taking but proof of value may be shown by inference. [Cit.] This is but a restatement of the principle that circumstantial evidence is sufficient to establish value." Id. at 450.

Brock had been an employee of Shower-Lux for more than eight years at the time of her testimony and had supervised the collections department. And her testimony showed a knowledge of the aluminum products maintained by the company at its warehouse. Based upon this information, the jury was entitled to infer that Brock had at least some working knowledge of the value of the aluminum at issue. Further, Brock's statement, along with Detective Cartwright's,

that the aluminum was new, not scrap, and the photographs showing the quantity and condition of the aluminum gave the jury additional information upon which to value the aluminum. We find that this evidence would support an inference that the value of the aluminum exceeded $500. See *Moncus v. State*, 229 Ga. App. 803, 804 (1) (a) (495 SE2d 118) (1997); *Ragsdale v. State*, 170 Ga. App. at 450. Compare *Pate v. State*, 158 Ga. App. 395, 397 (2) (280 SE2d 414) (1981) (holding that evidence of purchase price of railroad signs insufficient to place value on signs that were no longer new or useable).

Accordingly, we affirm the trial court's denial of Brown's motion for new trial on this ground.

2. Brown next contends that he was denied effective assistance of counsel because his attorney failed to present what he claims was his "sole viable" defense. Brown contends that his counsel should have presented an abandoned property defense, as it was consistent with the statement he made to the police that he received a call from an unknown person telling Brown he could come pick up the aluminum. Instead, Brown argues that his counsel's decision to pursue a "mere presence" defense conflicted with his statement and deprived him of a fair trial.

"To succeed on an ineffective assistance of counsel claim, [Brown] must show that trial counsel's performance was deficient and that it prejudiced [him] so as to deprive [him] of a fair trial. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188) (1992).

> Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. In addition, there is a strong presumption that the trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations, punctuation and emphasis omitted.) *Brooks v. State*, 232 Ga. App. 115, 119 (15) (501 SE2d 286) (1998).

At the hearing on the motion for new trial, Brown's trial counsel testified that she spoke at length with Brown about his case and that they discussed the defense of abandoned property. However, counsel felt that the defense of mere presence was a better defense than that of abandoned property and explained her reasoning to Brown.

An attorney's decision to pursue one defense over another is a question of trial strategy with which this Court generally will not interfere. *Phillips v. State*, 233 Ga. App. 557, 559 (504 SE2d 762) (1998). "Trial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation omitted.) Id. "This is true even if trial counsel's tactics or strategy may have been unwise." *Ross v. State*, 231 Ga. App. 793, 799 (7) (499 SE2d 642) (1998). Brown, therefore, has failed to overcome the presumption that his counsel's strategic decision falls within the range of "reasonable professional assistance." *Brooks v. State*, 232 Ga. App. at 119 (15).

Moreover, Brown has failed to establish that he was prejudiced by this strategy. Even if he had asserted a defense of abandoned property, it is not certain that the case would have had a different outcome. A defense of abandoned property would have been contradicted by evidence that the aluminum he took came from inside the building through a broken door.

Accordingly, we find no clear error in the trial court's decision to deny Brown a new trial on this ground.

3. Brown next contends that the trial court erred in responding to a jury question outside of his presence. During deliberations, the jury sent the trial judge a note requesting a transcript of Detective Cartwright's testimony. The judge replied in writing that the transcript was not available and that the jury would have to rely upon their memories. The record in this case is silent as to who was present when the trial court received the jury's request and made its response. However, even assuming that this exchange occurred outside the presence of Brown and his counsel, we find no ground for reversing the trial court's denial of Brown's motion for new trial.

The Supreme Court recently addressed this very issue in *Burtts v. State*, 269 Ga. 402, 403 (2) (499 SE2d 326) (1998). In *Burtts*, the jury requested a transcript of an eyewitness' statements to police. Without consulting with the defendant or counsel for either side, the trial judge denied the jury's request in writing and told the jury to rely upon their recollection and notes from the trial. The Supreme Court held that the trial court committed error in communicating with the jury in the absence of the defendant and his counsel because it is "a well-established rule of law that a defendant on trial must be present when the court takes any action materially affecting his case." *Burtts v. State*, 269 Ga. at 403 (2). Although the Supreme Court found that the trial court committed error, it held that the error was harmless because "the nature of the communication did not hasten the verdict against appellant or cause a juror to yield their convictions." Id. The Court further found that the decision was within the discretion of the trial judge and that no abuse of discretion occurred. Id.

Similarly, we find that even if the trial court in this case committed error in communicating with the jury outside the presence of Brown and his counsel, the error was harmless. Moreover, we hold that the trial judge did not abuse her discretion in denying the jury's request to review the detective's testimony.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

### ON MOTION FOR RECONSIDERATION.

Brown filed a motion for reconsideration, which we have denied. However, his motion raised a point regarding his claim of ineffective assistance of counsel that requires further discussion.

Brown argues that our opinion applied the wrong standard on this issue. A defendant claiming ineffective assistance of counsel must prove both that his trial counsel's performance was deficient and that he was prejudiced because there is a reasonable probability that without the counsel's deficiencies, the results of the trial would have been different. *Peeples v. State*, 234 Ga. App. 454, 457 (3) (507 SE2d 197) (1998); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

We held that Brown failed to prove either requirement. But in determining that Brown had failed to prove prejudice from his trial counsel's performance, we stated "Even if he had asserted a defense of abandoned property, it is not certain that the case would have had a different outcome." Brown is correct that he need not prove to a certainty that his case would have had a different outcome in order to establish ineffective assistance of counsel. He need only show a reasonable probability that his trial would have had a different result if his counsel had asserted an abandoned property defense. However, as we find that Brown failed to establish such a reasonable probability, his claim for ineffective assistance of counsel fails.

DECIDED FEBRUARY 10, 1999 —
RECONSIDERATION DENIED MARCH 25, 1999 —

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.