**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 15, 2022**

# In the Court of Appeals of Georgia

A22A0131. CARSWELL v. THE STATE.

BROWN, Judge.

Following a jury trial, Reginald Carswell appeals from his conviction for felony theft by receiving stolen property. He challenges the sufficiency of the evidence to support his felony sentence. Because we agree the evidence is insufficient to support the felony sentence, we vacate the sentence and remand for resentencing as a misdemeanor.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Carswell] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Denson v. State*, 240 Ga. App. 207 (1) (523 SE2d 62) (1999). So viewed, the evidence at trial showed that the victim owned a 2008 Ford Econoline van which she purchased on April 4, 2015, for $8,000.[1] On November 24, 2017, the victim's husband and a friend drove the van to a painting job and left the keys inside the van. While they worked, someone drove off with the van. Later that evening, officers were notified that a license plate recognition reader had recognized the stolen van in the area of Donnelly Avenue and Lee Street. Officers located the van, conducted a traffic stop, and identified Carswell as the driver and sole occupant of the vehicle. When Carswell could not provide any identifying information about the owner of the vehicle, he was arrested. Both the victim and the officer who recovered the van testified that there was no damage to the van since it had been stolen with the keys still in it.

Carswell was indicted for theft by receiving stolen property in violation of OCGA § 16-8-7 (Count 1) in that "on the 24th day of November, 2017, [he] did unlawfully receive and retain stolen property, to wit: 2008 Ford Econoline, of a value

[1] The State introduced into evidence the title to the van, which showed that it belonged to the victim and that as of May 15, 2018, the van was worth $2,990. The victim, however, did not testify about the documents.

of at least $5,000 but less than $25,000 and the property of [the victim]; said property having been stolen from [the victim] and said accused should have known said property was stolen[.]" Carswell also was indicted for misdemeanor driving with a suspended license (Count 2). The jury found Carswell guilty on Count 1 and he stipulated to his guilt on Count 2. The trial court imposed a ten-year felony sentence on Count 1, with five years to serve and the balance suspended, and a twelve-month sentence on Count 2 to run concurrently to Count 1.

Carswell contends the State failed to prove the van had a value exceeding $5,000. Therefore, the trial court should have sentenced him for the misdemeanor offense of theft by receiving stolen property instead of the felony offense. We agree.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a). While value is not an element of theft by receiving, it is relevant for the purpose of distinguishing between a misdemeanor and a felony for sentencing. *Denson*, 240 Ga. App. at 208 (2). The applicable sentence for theft by taking is governed by OCGA § 16-8-12 (a), which pertinently provides that a person convicted of that offense will be punished as for a misdemeanor except: "If

3

the property which was the subject of the theft was at least $5,000.00 in value but was less than $25,000.00 in value, by imprisonment for not less than one nor more than ten years and, in the discretion of the trial judge, as for a misdemeanor." OCGA § 16-8-12 (a) (1) (B).

In order to establish the proper measure of value under OCGA § 16-8-12, the State must prove "the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property." *English v. State*, 288 Ga. App. 436, 438 (1) (654 SE2d 150) (2007). "It has been held that direct proof of value is not essential in prosecutions for theft by taking but proof of value may be shown by inference. This is but a restatement of the principle that circumstantial evidence is sufficient to establish value." (Citation and punctuation omitted.) *Brown v. State*, 237 Ga. App. 231, 232 (1) (517 SE2d 529) (1999). This Court has held that "cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value." (Citation and punctuation omitted.) Id. Examples of other evidence combined with the purchase price to support valuation include condition of the property, use history, and photographs. See *Champion v. Dodson*, 263 Ga. App. 286 (587 SE2d 402) (2003); *Brown*, 237 Ga. App. at 232-233 (1); *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978)

4

(stolen property used very little and was in "'new'" condition). And the "testimony of the owner of the value of stolen items based upon [her] experience in buying them, coupled with the jury's awareness of the value of 'everyday objects,' is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas." (Citation and punctuation omitted.) *English*, 288 Ga. App. at 438 (1). Here, the victim testified that she purchased the van for $8,000, two-and-a-half years before Carswell was arrested while in possession of the van, and the State presented documents showing the van was valued at $2,990 at the time of trial, seven months after Carswell was arrested. The State presented no other testimony or evidence at trial about the value of the van at the time it was stolen. Nor did it submit photographs of the van or "other evidence" regarding its condition or value. Compare *Brown*, 237 Ga. App. at 232-233 (1)

The State maintains that it presented evidence that the van cost $8,000 when it was purchased in 2015, that it was not damaged when it was recovered on November 24, 2017, and that it had a valuation of $2,990 in May 2018. According to the State, this evidence "was sufficient for a reasonable trier of fact to find [Carswell] guilty beyond a reasonable doubt of theft by receiving stolen property, and the State presented sufficient evidence from which the jury was authorized to

5

determine that the fair market value of the stolen van was at least $5,000." On the contrary, the State's evidence fails to prove the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property. See *English*, 288 Ga. App. at 438 (1). And, as Carswell points out in his reply brief, "the State does not explain how a valuation of $2,990 tends to prove that a vehicle is worth at least $5,000." "[I]t would require pure guesswork and speculation on the part of the jury to conclude that" a vehicle purchased in April 2015 for $8,000 and valued in May 2018 for $2,990 would have a fair market value of at least $5,000 in November 2017. *Graham v. State*, 251 Ga. App. 395, 397 (1) (c) (554 SE2d 528) (2001) (owner's testimony that she purchased keyboard three years prior for $950 and that she would have sold it used for $299 to $399 insufficient to show value of $500 to support felony conviction). Compare *Reese v. State*, 313 Ga. App. 746, 747-748 (1) (b) (722 SE2d 441) (2012) (owner's testimony that she or her husband purchased jewelry and that it had a value of more than $500 coupled with jury's awareness of the value of everyday objects sufficient evidence to support felony sentence for theft by receiving stolen property). While the State's evidence as to value is insufficient to support a felony theft by receiving conviction, it does support a misdemeanor theft by receiving charge. See *English*, 288 Ga. App. at 439

6

(1); *Graham*, 251 Ga. App. at 397 (1) (c); *Denson*, 240 Ga. App. at 208 (2).[2]

Accordingly, we vacate the felony conviction and remand with direction that a conviction and sentence be entered for the misdemeanor offense.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Hodges, J., concur.*

---

[2] Note that these cases were decided under a prior version of the statute which provided for a felony sentence if the State proved the value of the property exceeded $500.