## 56148. STANCELL v. THE STATE.

BIRDSONG, Judge.

Stancell appeals his conviction, by a jury, of theft by taking. *Held:*

1. Appellant alleges a fatal variance in the allegata and the probata. The accusation stated that the appellant did unlawfully "take one 226 NAPA Battery, one R87 Delco Battery and two R89 Delco Batteries, falued [sic] at $11.00, the property of Service Supply Co., with the intent to deprive the said Service Supply Co. thereof." Although the Delco batteries were accurately described, the NAPA battery was in fact a "NAPA 2260." In addition, the batteries belonged to Service Supply Co., Inc., not Service Supply Co., a nonentity. Neither of these inaccuracies constitutes a "fatal variance." See *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) and cits.

2. "A person commits theft by taking when he unlawfully takes, or being in lawful possession thereof, unlawfully appropriates *any property* of another with the intention of depriving him of said property. . ." (Emphasis supplied.) Code Ann. § 26-1802 (a). Value is not an element of the crime of theft by taking as proscribed by Code Ann. § 26-1802 (a); cases decided under now-repealed larceny statutes are therefore not controlling. Thus, the value of stolen items is relevant only for purposes of distinguishing between a misdemeanor and a felony. Code Ann. § 26-1812. The evidence authorized a finding that the stolen property "...was of some value which will authorize a conviction of theft by taking and sentencing as for a misdemeanor under Code §§ 26-1802 and 26-1812, respectively.

*Crowley v. State,* 141 Ga. App. 867 (234 SE2d 700)."
*Dotson v. State,* 144 Ga. App. 113, 114 (240 SE2d 238).
Accordingly, the trial court did not err in failing to charge
the jury as to the value of the stolen items.

3. "As to the general grounds, this court is bound by
the 'any evidence' rule and must accept the state's version
of the evidence, as was done by the jury and the trial
judge." *Franklin v. State,* 136 Ga. App. 47, 48 (220 SE2d
60).

*Judgment affirmed. Bell, C. J., and Shulman, J.,
concur.*

SUBMITTED JUNE 26, 1978 — DECIDED JULY 14, 1978.

*Coney, Tinsley & Tinsley, William C. Tinsley, II,* for
appellant.

*John T. Perren, District Attorney, Kenneth L.
Shigley, Assistant District Attorney,* for appellee.