## 69136. RUSSELL v. THE STATE.
### (329 SE2d 168)

Pope, Judge.

Marvin Russell brings this appeal from his conviction and sentence of false report of a crime. *Held*:

1. Appellant first cites as error the failure of the accusation brought against him to charge a crime cognizable under the laws of this state. The subject accusation as originally drawn charged that appellant "did unlawfully, willfully and knowingly give and cause to be given a crime, to wit: . . . ." The accusation was later amended, several months before trial, by leave of court and subject to objection, and charged that appellant "did unlawfully and knowingly give and cause to be given a false report of a crime, to wit: . . . ." The amendment was served upon trial counsel for appellant, and no objection to the accusation as amended appears in the record. Under these circumstances, we find no merit in this enumeration of error. See OCGA § 17-7-71 (f). Cf. *Sutton v. State*, 54 Ga. App. 349 (188 SE 60) (1936).

2. Appellant next challenges the trial court's denial of his motion for directed verdict of acquittal. The accusation charged appellant, a pharmacist at Brackett's Pharmacy, along with David Brackett, the owner of the pharmacy, and Freddie Stewart and Gregory Brock, two City of Rome police officers. The charge as detailed in the accusation alleged that appellant and the others falsely gave or caused to be given "a report of a purported burglary and theft of drugs from

Brackett's Pharmacy, said burglary reported to have taken place on July 17, 1981, to the City of Rome Police Department, a law enforcement agency of the State of Georgia." Brackett died before trial, and Stewart and Brock pled guilty to the charge and testified as State's witnesses at appellant's trial.

Construed in a light most favorable to the State, the evidence of record established that appellant was a party to the alleged false report of a crime. Stewart testified that Brackett asked him to file a police report regarding an alleged burglary of the pharmacy in order to account for certain prescription drugs which had been dispensed by the pharmacy without prescriptions. Two or three days later appellant asked Stewart whether he had made the report. Stewart told both appellant and Brackett that he was unable to file such a report, but he asked Brock to do it. Stewart provided Brock with a list of the drugs to be contained in the report; the list had been given to Stewart by appellant. Brock agreed to meet appellant at the pharmacy and typed the report on Brackett's typewriter in one of the back offices at the pharmacy. Appellant came into the office while Brock was typing but left before the report was completed. After Brock had filed the report at police headquarters, he delivered a copy thereof along with the list of the drugs to appellant. Appellant handed the report to Charlene Watson, an employee at the pharmacy, who read it and then placed it in Brackett's desk. Following an inspection of the pharmacy by Jim Cope of the Georgia Drug and Narcotics Agency, Brackett returned the report to Watson to give to Inspector Cope. Watson noticed that the police report listed the exact amount of Percodan, a narcotic drug, missing from the pharmacy that was unaccounted for in the inspector's audit. Watson testified that during a conversation regarding the source of the police report, appellant told her "that he had had . . . someone fix it up for us. And I asked him who and he just said that Freddie Stewart had helped him and . . . someone else, but I would be surprised as to who helped him, and I was not told." Watson also testified that there had been no burglary of the pharmacy at the time alleged in the police report.

Appellant argues that the evidence against him was wholly circumstantial and, as such, was insufficient to exclude every reasonable hypothesis save that of his guilt. See OCGA § 24-4-6. Even construing the foregoing evidence against appellant as wholly circumstantial, we find that any rational trier of fact could have found therefrom the essential elements of the crime of false report of a crime beyond a reasonable doubt. See OCGA §§ 16-2-20 and 16-10-26. See also *Sutton v. State*, 168 Ga. App. 139 (308 SE2d 421) (1983); *Brewer v. State*, 156 Ga. App. 468 (2) (274 SE2d 817) (1980). Accordingly, the trial court did not err in denying appellant's motion for directed verdict of acquittal. See generally *Humphrey v. State*, 252 Ga. 525 (1)

(314 SE2d 436) (1984).

3. In his third enumeration of error appellant challenges the trial court's refusal to grant the jury's request to hear a re-play of the testimony of Stewart and Brock. This testimony constituted approximately 35 pages of the record. We find no abuse of discretion in the trial court's refusal. See *Hill v. State*, 114 Ga. App. 527 (3) (151 SE2d 818) (1966); see also *Howard v. State*, 251 Ga. 586 (8) (308 SE2d 167) (1983); *Herron v. State*, 155 Ga. App. 791 (7) (272 SE2d 756) (1980).

4. Appellant's fourth enumeration assigns error to the trial court's allowing Brock to testify about a conversation he had with Stewart "inasmuch as the testimony constituted hearsay on hearsay and exceeded the trial court's ruling that the conversation could be admitted to explain the conduct of Brock and Stewart." Brock testified, "Officer Stewart asked me for a favor; he said he needed a favor from me and I asked him what it was. He told me that David Brackett was about to lose his license. He said [appellant] Buck Russell had been taking medications from the pharmacy, giving them to people, and he needed a report typed for it, and said soon as he got the report typed and everything, . . . he was going to turn it over to the state or something to keep . . . from losing his license, and he asked me to type it for him." The trial court gave proper, limiting instructions to the jury as to the purpose for which this testimony was admitted.

It has long been the rule in this state that the testimony of a conversation with a third person to explain the conduct and ascertain the motives of the witness is not hearsay but original evidence. See OCGA § 24-3-2; *Joiner v. Joiner*, 225 Ga. 699 (3) (171 SE2d 297) (1969); *Griffie v. State*, 107 Ga. App. 356 (1) (130 SE2d 149) (1963). However, this broad general rule is limited to matters concerning which the truth must be found, i.e., matters relevant to the issues on trial. *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). "[W]here the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2]." Id. at 867. See *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984). The testimony at issue here was offered to explain Brock's conduct in using a typewriter at the pharmacy rather than one at the police headquarters or elsewhere, thus avoiding possible detection in making out the false report. This testimony was clearly relevant to an issue at trial, viz, the modus operandi of those accused of the crime. See, e.g., *Harris v. State*, 191 Ga. 555 (6) (13 SE2d 459) (1941); *Brown v. Matthews*, 79 Ga. 1 (4) (4 SE 13) (1887); *Athena Prods. v. Geographics*, 168 Ga. App. 828 (2) (310 SE2d 547) (1983). See also *Waters v. State*, 168 Ga. App. 918 (2) (310 SE2d 774) (1983). "As stated in *Mooney* [*v. State*, 243 Ga. 373, 393 (254 SE2d 337) (1979)], 'the prejudicial nature of such evidence is

largely irrelevant unless the testimony offends some other rule of evidence . . .' Here, no issue was raised at the trial as to whether the admission of such evidence violated another rule of evidence since the sole objection was that the testimony was hearsay." *Payne v. State*, 163 Ga. App. 276, 277 (293 SE2d 483) (1982). Appellant's fourth enumeration of error has no merit.

5. Appellant's final enumeration cites as error the trial court's denial of his extraordinary motion for new trial on the ground of newly discovered evidence. This "new" evidence was given by Stewart and Cope at a hearing before the Georgia State Board of Pharmacy held following appellant's conviction to determine whether appellant's license to practice pharmacy should be suspended or revoked. The thrust of this evidence, as appears in the record on appeal, is that Stewart was the recipient of drugs illegally dispensed by Brackett, and, thus, appellant argues, Stewart had a secret, long-standing relationship with Brackett that indebted him to Brackett. Appellant also cites the testimony of Cope which showed that a Mrs. R. D. Brock had received a refill of Valium without a proper prescription. Appellant alleges that Mrs. Brock is the mother of Gregory Brock, who testified for the State at appellant's trial, but this allegation is nowhere supported in the record. Even assuming that appellant exercised due diligence in acquiring this "new" evidence (this is doubtful as both witnesses testified at trial and were subject to cross-examination), this evidence is hardly so material that it would probably produce a different verdict. At best, this "new" evidence offers a more clearly defined motive for Stewart's and Brock's participation in the crime. While the state of a witness' feelings toward a party, and his relationship, may always be proved for consideration of the jury (OCGA § 24-9-68), both Stewart and Brock testified at trial as to their participation in the crime and consequent guilty pleas. The purported reasons for their participation in the crime are at most collateral in this case to the issue of appellant's guilt, and we perceive nothing in this "new" evidence which is helpful to appellant and would likely produce a verdict other than that of his guilt. Since appellant has failed to comply fully with all the requirements necessary for granting his extraordinary motion for new trial on the ground of newly discovered evidence (see *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980)), the trial court did not err in denying same. See also *Jefferson v. State*, 137 Ga. 382 (5) (73 SE 499) (1912).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 15, 1985.

*Christopher A. Frazier*, for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney*, for appellee.