A92A0467. PARHAM v. THE STATE.
(420 SE2d 356)

COOPER, Judge.

Appellant was convicted in a jury trial of aggravated assault and appeals the trial court's denial of his motion for new trial.

Review of the evidence adduced at trial reveals that appellant approached the victim, who was seated at a table with a woman having a beer in a VFW hall, and said "[I]f you put your hands on my wife again, I'm going to hurt you." Appellant then pushed the victim's chin up. As the victim stood up to respond, appellant swung his clenched fist at the victim, slashing the side of the victim's neck with a knife. Appellant then left the hall and was apprehended later by the police. At trial, appellant admitted stabbing the victim; however, as

justification for his conduct, appellant testified that when he confronted the victim on a previous occasion, the victim displayed a sawed-off shotgun; that the victim was known to carry a knife; and that on the night of the assault, as the victim stood up, he appeared to be reaching for his pocket. Testimony offered by the woman who was seated with the victim described a similar gesture toward the victim's pocket; however, the victim denied making such a gesture, and another eyewitness testified that the victim did not reach for his pocket. The victim denied having a sawed-off shotgun, and testified that he had not carried a knife for several weeks and that when he did carry the weapon, he would check it at the door of the VFW hall. The victim was not carrying a knife on the night of the assault.

In his sole enumeration of error, appellant argues that the evidence was insufficient to support his conviction because he acted in self-defense. "[T]he burden was on the State to prove that [appellant] did not act in self-defense. [Cits.]" *Shackleford v. State*, 198 Ga. App. 768 (1) (403 SE2d 74) (1991). "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself. . . ." OCGA § 16-3-21 (a). Viewing the evidence in a light to support the jury's verdict, we find that the State presented sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that appellant did not act in self-defense and that appellant was guilty of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dixon v. State*, 197 Ga. App. 684 (399 SE2d 275) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 25, 1992.

*Richard L. Dickson, J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.