A93A0195. McCRARY v. THE STATE.
(432 SE2d 254)

POPE, Chief Judge.

Defendant Terry McCrary was convicted of aggravated assault for stabbing a neighbor in the back with a knife. We affirm the conviction.

1. Defendant first argues the trial court erred in admitting the testimony of the State's rebuttal witness concerning a threatening statement made by defendant to the victim's girl friend after the incident. Defendant had testified earlier and denied that he had made any statements to the woman. Defendant argues no proper foundation was laid to present the testimony as a previous contradictory statement pursuant to OCGA § 24-9-83 or to present the testimony as evidence of bad character pursuant to OCGA § 24-9-84. We agree with the State that the testimony was not of the sort covered by either of these statutes but was simply presented to impeach the defendant's

testimony pursuant to OCGA § 24-9-82. Moreover, because defendant failed to raise these objections at trial, we cannot now consider them on appeal. See *Price v. State*, 204 Ga. App. 288 (1) (419 SE2d 126) (1992). Before the witness testified concerning the statement he heard defendant make to the woman, defendant's attorney interrupted the questioning of the witness to state that it appeared the testimony would be irrelevant. The trial judge instructed the prosecutor to keep the questioning to matters which were relevant. Even if the statement of defendant's attorney is considered to be an objection on the ground of relevance, this is not the objection raised on appeal. Moreover, even as to relevance, defendant's attorney made no further objection and requested no further ruling and her failure to pursue a ruling on the objection results in waiver. See *Harris v. State*, 190 Ga. App. 343 (4b) (378 SE2d 912) (1989).

2. We reject defendant's argument that the evidence was insufficient to sustain the conviction. "Although the appellant pleaded justification and self-defense, the testimony of the witnesses . . . authorized the jury in rejecting these defenses and finding the appellant guilty of [aggravated assault]." *Felts v. State*, 244 Ga. 503 (1) (260 SE2d 887) (1979). See also *Parham v. State*, 204 Ga. App. 659 (420 SE2d 356) (1992).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 3, 1993.

*Janet S. Willy*, for appellant.
*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.