## A96A0732. HIGHT v. THE STATE.

### (472 SE2d 113)

McMURRAY, Presiding Judge.

Defendant was charged with the offenses of burglary, theft by taking and false report of a crime. The evidence adduced at a jury trial reveals that the victim interrupted a burglary at his residence at about 4:15 in the afternoon on January 17, 1995. The victim testified that, upon approaching the driveway to his house, he observed a man running through the front yard, noticed the front door to his house was "fully open" and discovered a "strange car" parked in the driveway. The victim testified that he blocked the "strange car" with his truck, found his television and a case of his motor oil in the rear seat of the "strange car" and discovered his "VCR" abandoned in the front doorway of his home. Other proof reveals that the "strange car" belongs to defendant's cousin, Tonya Haynes; that Tonya Haynes loaned her car to defendant less than an hour before the break-in at the victim's house; that defendant reported Haynes' car stolen shortly after the victim reported the break-in at his house and that the victim informed an investigating officer, about an hour after commission of the crimes charged, that defendant's clothing and physical characteristics matched the clothing and physical characteristics of the man he saw fleeing from his home. Defendant's aunt, Deborah Hodges, testified that she observed defendant on the street a short distance from the victim's home about 15 to 20 minutes before commission of the crimes charged and that she then also observed Haynes' car parked in a driveway a short distance from the victim's residence.

The jury found defendant guilty of burglary, theft by taking and false report of a crime. This appeal followed the denial of his motion for new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing that proof supporting his alibi defense demonstrates that he could not have committed the crimes charged.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no

longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. *Cox v. State*, 205 Ga. App. 375 (1) (422 SE2d 68) (1992); *Alexander v. State*, 200 Ga. App. 411 (1) (408 SE2d 485) (1991)." *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873). The victim's testimony in the case sub judice that defendant's characteristics matched the characteristics of the man he saw fleeing from his home, Tonya Haynes' testimony that she loaned her car to defendant less than an hour before commission of the crimes charged, Deborah Hodges' testimony that she saw defendant and Haynes' car near the crime scene about 15 to 20 minutes before the victim discovered the break-in at his home, proof that Haynes' car was abandoned at the crime scene and testimony that defendant reported the theft of Haynes' car shortly after the victim reported the burglary at his residence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crimes charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Russell v. State*, 174 Ga. App. 1 (2) (329 SE2d 168).

2. Defendant next contends his conviction for theft by taking cannot stand because the State failed to prove that the items he allegedly stole from the victim's home had value. This contention is without merit.

Value is not an element of theft by taking as proscribed by OCGA § 16-8-2. The value of stolen property is relevant only for purposes of distinguishing between a misdemeanor and a felony. OCGA § 16-8-12 (a). *Stancell v. State*, 146 Ga. App. 773 (2) (247 SE2d 587). The victim's testimony in the case sub judice that the property taken from his home had some value authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of misdemeanor theft by taking as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307, supra.

3. Defendant contends the trial court erred in denying his motion for mistrial after a State's witness placed his character in issue by testifying that he last saw defendant "[t]his morning when they shackled us to come down here." This contention is also without merit. "The challenged testimony did not place [defendant's] character in issue as it is clear from a review of the transcript that [his] incarceration related only to those charges for which [defendant was] then on trial and not due to any independent criminal transactions. *Latham v. State*, 100 Ga. App. 509, 510 (2) (112 SE2d 163) (1959); *Hughes v. State*, 159 Ga. App. 591 (3) (284 SE2d 98) (1981). Cf. *Bowen v. State*, 123 Ga. App. 670, 671 (1) (182 SE2d 134) (1971)." *Hunt v. State*, 180 Ga. App. 103, 106 (348 SE2d 467).

4. In his fourth enumeration of error, defendant contends the

trial court erred "in refusing to allow defense counsel to question [him] as to the bias of one of the State's witnesses who testified against him." This enumeration presents nothing for review "as defendant failed to proffer the testimony which was allegedly improperly excluded by the trial court. *Harris v. State*, 263 Ga. 526, 527 (1) (435 SE2d 669)." *Wright v. State*, 216 Ga. App. 486 (2) (455 SE2d 88).

5. In his fifth enumeration, defendant contends the victim's identification testimony was unduly tainted by an on-the-scene showup that was conducted about an hour after commission of the crimes charged. This enumeration has no basis in fact. That is, the police showup could not have tainted the victim's testimony because the victim could not identify defendant as perpetrator of the crime charged. The victim merely testified that defendant's appearance resembled the appearance of the man he saw fleeing from his residence on the day of the crimes charged.

6. In his final enumeration, defendant contends the State improperly impeached its own witness at trial. "[B]ecause defendant failed to raise [this objection] at trial, we cannot now consider [it] on appeal. See *Price v. State*, 204 Ga. App. 288 (1) (419 SE2d 126) (1992)." *McCrary v. State*, 208 Ga. App. 824 (1), 825 (432 SE2d 254).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 29, 1996.

*Daniel L. Sproles*, for appellant.

*Stephen F. Lanier, District Attorney, Emory B. Thompson, Assistant District Attorney*, for appellee.