## A04A0367. GRINDLE v. THE STATE.
### (595 SE2d 549)

PHIPPS, Judge.

Paul Grindle, David Plunkett, and Theodora Gonzalez were each charged with one count of theft by taking and with numerous counts of financial transaction card theft. Gonzalez entered a guilty plea and appeared as a state's witness at Grindle's trial. Grindle was convicted and sentenced to ten years imprisonment. Following denial of his motion for new trial, he appeals. He complains of various evidentiary rulings by the trial court, and he challenges the sufficiency of the evidence to support a felony sentence. We find no merit in any of Grindle's claims of error and affirm.

The crimes for which Grindle was indicted arose from a purse snatching in the parking lot of a K-Mart store in Winder on November 25, 2001. The victim was Betty Spence. Bystanders saw a man grab Spence's purse from her shopping cart, jump into a waiting car, and flee. Police were given a description of the car and told the direction in which it was being driven. Walton County Sheriff's Office deputies stopped the car shortly after a lookout was placed. Grindle, Plunkett, and Gonzalez were in the car, which was registered to Gonzalez. Spence's purse was found inside the car.

1. Grindle contends that the trial court erred in allowing Walton County Deputy Sheriff Mark Hess to improperly place his character in issue.

---

[20] Id. at 328.

[21] *Strickland v. Washington*, supra.

[22] *Williams v. State*, 276 Ga. 384, 387 (5) (578 SE2d 858) (2003).

Hess testified about his contact with Grindle after other officers had stopped the getaway car. When asked what contact he had had with Grindle, Hess responded, "I had dealings with Mr. Grindle in the past, and he had given me false — or given the police officers false information, and I believe he tried to do it again until my arrival, and I was able to ID him as to his true name." Defense counsel moved for a mistrial on the ground that this testimony improperly placed Grindle's character in issue. After hearing further testimony from Hess outside the presence of the jury, the court determined that Grindle in fact had given a false name to law enforcement officers before Hess arrived on the scene and confirmed his true identity. But Grindle was not charged with any offense as a result of this misrepresentation. Finding some basis for Hess's remarks about his prior dealings with Grindle,[1] the court denied the defense motion for mistrial but instructed the jury to disregard the officer's testimony. We can find no abuse of the broad discretion vested in the trial court in matters such as this.[2]

2. Grindle charges the trial court with error in admitting evidence about another crime.

Similar transaction evidence was introduced showing that on the day before the November 25 purse snatching, the indictees, using the same method of operation as in this case, snatched Patricia Freeman's purse while she was in the parking lot of a Wal-Mart in Buford. Items from Freeman's purse were found in Gonzalez's car after the indictees were arrested for the November 25 crime. When Gonzalez was arrested, she was wearing a ring fitting the description of one taken from Freeman. Under these circumstances, the trial court was authorized to find that the two offenses were part of a continuing course of conduct and single crime spree so that evidence of one was admissible in a trial of the other.[3]

3. Grindle charges the trial court with error in admitting a custodial statement by him to Gwinnett County Police Officer John Wilbanks.

During his investigation of the November 24 purse snatching, Wilbanks interviewed Grindle. Prior to the interview, Wilbanks

---

[1] Compare *Posey v. State*, 152 Ga. App. 216 (262 SE2d 541) (1979), and cit. (mistrial necessitated by unresponsive and inadmissible outbursts by law enforcement officers).

[2] See generally *Woodard v. State*, 277 Ga. 49, 51 (3) (586 SE2d 330) (2003) (trial court exercises broad discretion in ruling on motions for mistrial); *Pemberton v. State*, 220 Ga. App. 253, 255 (2) (469 SE2d 233) (1996) (where prejudicial matters presented to jury, trial court in its discretion may determine whether mistrial is required or whether giving cautionary instructions to jury is adequate remedial device); see also *Oliver v. State*, 276 Ga. 665, 667 (2) (581 SE2d 538) (2003) (circumstances surrounding accused's arrest are admissible).

[3] See *Weston v. State*, 276 Ga. 680, 681-682 (2) (580 SE2d 204) (2003).

informed Grindle that he was investigating the November 24 incident; and he fully informed him of his *Miranda* rights. Because of the similarity of the incidents, Wilbanks also asked Grindle about the November 25 incident. Before doing so, Wilbanks told Grindle that he was not investigating the November 25 incident but that he was just curious about it. Because the officer prefaced his interrogation of Grindle with these remarks, defense counsel argued that Grindle's statements to the officer concerning the November 25 incident were obtained by trickery and should not be admitted. Under the totality of the circumstances, the trial court ruled that the officer's remarks, though arguably misleading, could not have led Grindle to believe that his statements concerning the Winder crime would not be used against him. Consequently, the court admitted Wilbanks's testimony. We uphold the trial court's determination in favor of admissibility as we do not find it to be clearly erroneous.[4]

4. Grindle contends that the trial court erred in allowing certain state's witnesses to testify.

(a) First, Grindle claims that the court should not have allowed two state's witnesses to testify because they were not included on the list of prosecution witnesses requested by the defense.

From the record, the trial court was authorized to find that the prosecution did provide the names of these witnesses to the defense prior to trial. Moreover, after the trial had begun, the court gave defense counsel an opportunity to interview the witnesses before they testified. We find no error.[5]

(b) Grindle also contends that Gonzalez should not have been allowed to testify, because the prosecuting attorney announced before trial that the state was not going to call Gonzalez to testify in this case because her proffered testimony conflicted with other credible information about the case and therefore did not appear to be truthful.

But at trial the prosecuting attorney stated that she was challenging the truthfulness of Gonzalez's testimony only insofar as it related to the Buford robbery. At trial, Gonzalez was called as a state's witness, and she testified only about the Winder robbery. Defense counsel cross-examined her about certain inconsistencies between testimony she had given at a prior hearing and her trial testimony. Grindle has not shown how he was prejudiced by the prosecutor's earlier announced decision not to call Gonzalez. The trial court did not err in allowing Gonzalez to testify.

---

[4] See generally *Tesfaye v. State*, 275 Ga. 439, 443 (6) (569 SE2d 849) (2002).
[5] See *Kickery v. State*, 185 Ga. App. 274, 276 (1) (363 SE2d 805) (1987).

5. Finally, Grindle contends that the trial court erred in sentencing him for felony theft by taking because the evidence was insufficient to show that the property stolen exceeded $500 in value.[6]

At trial, however, defense counsel conceded that Spence's testimony that she had over $600 in currency in her purse provided sufficient evidence to support felony sentencing (even though less than $500 was found in Grindle's and Plunkett's possession). Defense counsel asked the court to exercise its discretion and impose a sentence of less than ten years. Because of Grindle's prior criminal record, the court imposed a ten-year sentence for the theft by taking conviction after merging the financial transaction card theft convictions into the theft by taking conviction. We find no abuse of discretion.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 19, 2004.

*Benjamin C. Free*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[6] See *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996) (value of property taken is not an element of crime of theft by taking, although it is relevant for sentencing purposes to distinguish between felony and misdemeanor); OCGA § 16-8-12 (a) (1) (person convicted of theft by taking under OCGA § 16-8-2 shall be punished as for a misdemeanor; except, if stolen property exceeded $500 in value, person may be punished by imprisonment for up to ten years).