## A07A1247. GORHAM v. THE STATE.
### (651 SE2d 520)

RUFFIN, Judge.

A jury found Cyrus Gorham guilty of two counts of felony theft by taking.[1] The trial court sentenced him to a term of ten years, including two in prison, under the First Offender Act and ordered payment of restitution. On appeal, Gorham contends that the trial court erred in sentencing him on one of the felony counts, arguing that the State failed to prove the value of the items taken. He also argues that the trial court improperly imposed restitution. For reasons that follow, we vacate and remand in part, and affirm in part.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and we no longer presume the defendant is innocent.[2] We do not weigh the evidence or decide the credibility of witnesses, but only determine if the evidence is sufficient to sustain the convictions.[3] Viewed in this manner, the evidence shows that Gorham was employed by Borders Book Stores in September 2002, when Borders learned that the store where he worked had an unusual amount of unexplained merchandise losses. Jake Welch, an employee in Borders's loss prevention department, investigated the losses, including reviewing tapes from the store's security system. Security tapes from multiple days showed Gorham pulling merchandise from the store shelves, placing it on a rolling cart, and pushing the cart out of view. He then reappeared on camera with a sealed box which he placed in the store's trash pile and covered with other garbage.

After viewing the security tapes, Welch began surveillance of the trash receptacle area behind the store. On October 6, 2002, he observed Gorham place a box containing books, CDs, and DVDs immediately inside the large trash receptacle. Gorham was apprehended approximately 30 minutes later when he returned to the trash receptacle behind the closed store. The police were summoned and, after initially denying any criminal activity, Gorham ultimately admitted that he had been stealing merchandise from Borders for more than three months, including on September 22 and October 6,

---

[1] The jury acquitted Gorham of two additional counts of theft by taking.

[2] See *Ferrell v. State*, 283 Ga. App. 471, 472 (1) (641 SE2d 658) (2007).

[3] See id.

2002.[4] Gorham gave the police permission to search his home, where the authorities found "boxes and boxes and boxes" of Borders's merchandise in his room, including DVDs, books, and magazines.

1. Gorham challenges his felony sentence for Count 2, arguing that the State failed to produce sufficient evidence that the value of the merchandise stolen on the date at issue exceeded $500. We agree.

While value is not an element of the crime of theft by taking, it is relevant in order to distinguish between a felony and a misdemeanor for sentencing purposes.[5] Felony theft by taking occurs when value of the stolen property exceeds $500.[6] Here, Count 2 of the accusation charged that on September 22, 2002, Gorham "did unlawfully take books and digital video discs, the property of Borders Group, Inc. and of the value exceeding $500.00 with the intention of depriving said owner of said property." The security video showed Gorham collecting items and placing them on a cart on September 22, and Gorham admitted stealing store merchandise that day. Authorities recovered multiple boxes of store merchandise from his home thereafter. However, the State failed to establish the value of the items Gorham took on September 22.

Welch, the loss prevention employee, testified that DVDs range in value from $15 to $24, and that "*if*" the box from September 22 had been "filled up" with DVDs, the value of the merchandise would have exceeded $500. But there was no evidence presented regarding the number of DVDs and books that Gorham took on that date.[7] The State contends that there was sufficient circumstantial evidence of value, relying in particular on the evidence that the boxes Gorham took from the store on September 19 and October 6 each contained over $1,000 worth of merchandise. Certainly, value can be established by circumstantial evidence.[8] But here, where there was simply no evidence regarding the quantity of items that Gorham took on the date at issue, any conclusions regarding their value are mere speculation and cannot support a felony sentence.[9]

---

[4] At trial, Gorham recanted, testifying that his statement was false and coerced by police.

[5] See *Grindle v. State*, 265 Ga. App. 717, 720 (5), n. 6 (595 SE2d 549) (2004); *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996); *Stancell v. State*, 146 Ga. App. 773 (2) (247 SE2d 587) (1978).

[6] See OCGA § 16-8-12 (a) (1); *Grindle*, supra; *Hight*, supra; *Stancell*, supra.

[7] The security tape played for the jury was comprised of a series of intermittent, grainy still shots, and did not depict the quantity of items that Gorham retrieved from the shelves.

[8] See *Brown v. State*, 237 Ga. App. 231, 232 (1) (517 SE2d 529) (1999).

[9] See *Crowder v. State*, 271 Ga. App. 177, 180 (1) (609 SE2d 134) (2004).

Thus, there is not sufficient evidence to establish that the value of the property stolen on September 22 exceeded $500.[10] Gorham concedes that he took some items on that date, and the evidence shows that the merchandise had some value; accordingly, we vacate Gorham's felony conviction as to Count 2 and remand with the direction that a conviction and sentence be entered for the misdemeanor offense.[11]

2. Gorham argues that the trial court erred in imposing restitution without holding a restitution hearing and making specific factual findings. "OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof."[12] Here, the trial court imposed restitution in the amount of $1,325.09, without considering the factors set forth in OCGA § 17-14-10 and without making the required written findings. Although we would normally remand the case to the trial court for reconsideration consistent with the case law and statutes, we decline to do so in this case because Gorham waived his right to contest the restitution order.[13]

At the sentencing hearing, the State sought restitution in the amount of $1,325.09. In response, Gorham's attorney responded that "we would recommend that [the trial court] follow that figure." At no point did Gorham object to the imposition of restitution. Under these circumstances, we decline to reverse the restitution order, as "[a] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal."[14]

*Judgment affirmed in part and vacated in part, and case remanded in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 4, 2007.

*Virginia W. Tinkler*, for appellant.

---

[10] Compare *Graham v. State*, 251 Ga. App. 395, 397 (1) (d) (554 SE2d 528) (2001) (testimony regarding specific number of videos and CDs stolen and their fair market value sufficient to establish value for purposes of determining whether theft authorized felony sentence).

[11] See *Waters v. State*, 252 Ga. App. 194, 196 (1) (b) (555 SE2d 859) (2001); *Jones v. State*, 161 Ga. App. 218, 219 (2) (288 SE2d 293) (1982); *Dunbar v. State*, 146 Ga. App. 136 (2) (245 SE2d 486) (1978).

[12] (Punctuation omitted.) *Westmoreland v. State*, 192 Ga. App. 173, 175-176 (2) (a) (384 SE2d 249) (1989); see also *Steele v. State*, 270 Ga. App. 488, 489-490 (606 SE2d 664) (2004).

[13] See *Westmoreland*, supra at 176 (2) (b).

[14] (Punctuation omitted.) *McCullough v. State*, 268 Ga. App. 445, 447 (2) (a) (602 SE2d 181) (2004) (defendant waived right to appeal restitution order where he suggested restitution and agreed to amount); *Westmoreland*, supra (acquiescence as to amount of restitution constitutes waiver). Compare *Steele*, supra (no waiver where State proposed imposition and amount of restitution and defendant did not consent to actual amount of award).

Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney, for appellee.