A09A1354. GRINDLE v. THE STATE.
(683 SE2d 72)

ELLINGTON, Judge.

A Gwinnett County jury found Paul Grindle guilty of robbery, OCGA § 16-8-40 (a); aggravated battery, OCGA § 16-5-24 (a); and battery, OCGA § 16-5-23.1 (a). Pursuant to a granted motion for an out-of-time appeal, Grindle contends his trial counsel was ineffective

---

for failing to object to the hearsay testimony of an accomplice who identified him as the robber. Grindle also contends that, absent this inadmissible hearsay, the evidence adduced was insufficient to prove him guilty of the crimes charged beyond a reasonable doubt. For the reasons that follow, we reverse based on a finding of ineffective assistance of trial counsel; however, we find that the evidence adduced was sufficient to support Grindle's convictions.

1. Viewed in the light most favorable to the jury's verdict,[1] the record reveals the following facts. At about 11:00 p.m. on November 24, 2001, a woman and her daughter walked from a Gwinnett County Wal-Mart store to their parked car. As the woman neared the car, a man ran by her and grabbed her purse. Because the woman's purse was entangled in the bags she was carrying, the robber was unable to snatch it away easily. He yanked the purse from the woman's arm so hard that he knocked her face-down to the pavement. The woman suffered a broken arm, a bruised face, and a damaged eye. The woman told police that she had a pager, a day-timer, some keys, and a diamond ring in her purse. The ring had three diamonds on it, and a prong securing one of the diamonds in place was broken. Although the woman and her daughter did not see the robber's face, they could tell that he was a white male, and they saw him get into the front passenger side of an older, "boxy," light-colored car with two other people in it, a driver and a back-seat passenger.

As the robbery was occurring, a man and two of his friends were walking out of the Wal-Mart. The man heard screams, heard someone say a purse snatching had just occurred, and saw a person run and get into a car that sped away. The man considered pursuing the car, but decided that because the driver had too much of a lead, he could not catch up. So, he got in his car and started driving home. As the man drove down Interstate 985, he came upon a car like the one he had seen leaving the Wal-Mart. The car was traveling slowly, at about 45 miles per hour, and its interior light was on. The man slowed down to pace the car, and he looked inside it. He saw three people in the car: a long-haired driver; a shirtless, front-seat passenger with a "roundish" tattoo high on his left shoulder; and a back-seat passenger wearing a grey, flannel shirt. All three were looking toward the front passenger's seat, peering into a purse. After observing this, the man drove past the car and called his friends, who were traveling on the freeway behind him. He asked his friends to get the car's tag number. The friend who got the tag number noticed that the driver was female. After getting the tag number, the man and his friends went back to the Wal-Mart and told the police what they had observed.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

A few days later, a Gwinnett County detective traced the tag number to a white, 1970s model Chevrolet Malibu belonging to Theodora Gonzalez. He located the car in the Barrow County impound lot and Gonzalez in the Barrow County jail. Gonzalez and two people who were passengers in her car had been arrested on November 25, 2001, for snatching a woman's purse as the woman walked to her parked car from a Barrow County K-Mart. Gonzalez' passengers were her boyfriend, Paul Grindle, and a friend, David Plunkett.

When Gonzalez was booked into the jail, she was wearing a ring that had three diamonds and a broken prong. Plunkett was wearing a grey, flannel shirt. Both Grindle and Plunkett had tattoos, but only Grindle had a round tattoo visible high on his left shoulder — a tattoo in the shape of a bulldog's head. The man who had followed the Gwinnett county robbers testified at trial that only Grindle's tattoo was shaped like the one he saw on the night of the robbery. A search of Gonzalez' car revealed a day-timer and a pager. The Gwinnett County robbery victim identified the ring, the pager, and the day-timer as hers.

The State also adduced evidence of the Barrow County robbery as a similar transaction. The evidence showed that during the early afternoon of November 25, 2001, less than 24 hours after the Gwinnett County robbery, a woman was robbed in the parking lot of a K-Mart store in Barrow County. A white male, later identified by witnesses as Plunkett, snatched a woman's purse from her shopping cart and ran to a waiting four-door, 1978 Chevrolet Malibu. Plunkett got into the back seat of the car. Two other people were in the car with Plunkett, though no witnesses could identify them. The police officer who responded to the crime got a description of the car and the purse snatcher, and he radioed his fellow officers to be on the lookout for the car. About ten minutes later, another officer stopped a car matching the description of the car given in the lookout. Gonzalez was driving, and she had two passengers, Grindle and Plunkett. The police recovered the Barrow County robbery victim's purse from inside Gonzalez' car.

During a custodial interview, Grindle denied being present during the Gwinnett County robbery. However, he admitted being present during the Barrow County robbery, but he said that Plunkett was the one who snatched the purse. A detective testified that although Plunkett initially denied involvement in the crimes, he agreed, as the prosecutor phrased it, that Plunkett later "gave up" Grindle as the Gwinnett County purse snatcher. The detective testified that Plunkett admitted that, although he was present during the Gwinnett County robbery, it was Grindle who had snatched the victim's purse. Plunkett did not testify at trial. Defense

counsel did not object to this testimony but, in fact, pursued that line of questioning further on cross-examination. In the hearing on the motion for new trial, Grindle's trial counsel doubted that his failure to object to the admission of Plunkett's hearsay statements or to move for a mistrial was strategic since his theory of defense was that Grindle was not present during the Gwinnett County robbery.

(a) Grindle contends his trial counsel was ineffective because he failed to object to the detective's hearsay testimony that Plunkett identified Grindle as the purse snatcher. In order to prevail on this claim, Grindle must show that his trial counsel's performance was deficient and that there is a reasonable probability that, but for that deficiency, the result of the trial would have been different. *Miller v. State*, 285 Ga. 285 (676 SE2d 173) (2009); *Fortson v. State*, 280 Ga. 435, 436 (2) (629 SE2d 798) (2006). Furthermore,

> [t]he criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Grindle contends his attorney should have objected to the detective's testimony regarding Plunkett's custodial statement identifying Grindle as the purse snatcher because the statement is hearsay which violates Grindle's right to confront and cross-examine witnesses against him.

> The confrontation clause imposes an absolute bar to admitting out-of-court statements in evidence when they are testimonial in nature, and when the defendant does not have an opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U. S. 36, 40 (124 SC 1354, 158 LE2d 177) (2004). . . . [S]tatements made to police officers during an investigation qualify as testimonial.

(Citations, punctuation and footnote omitted.) *Gay v. State*, 279 Ga. 180, 181-182 (2) (611 SE2d 31) (2005).

Plunkett's custodial statement to the detective was testimonial inasmuch as it was made to a police officer during the course of an investigation, and Grindle did not have an opportunity to cross-examine Plunkett because Plunkett did not testify. There is nothing in the record showing that the statement would have been admis-

sible under any exception to the hearsay rule,[2] nor has the State argued that in its brief. Counsel conceded that there was no reasonable strategic reason for not objecting to this testimony. It follows, therefore, that Grindle's attorney should have objected to the admission of Plunkett's custodial statement to the detective, and that, had he done so, the trial judge would have been required to exclude it. *Soto v. State*, 285 Ga. 367, 369 (2) (a) (677 SE2d 95) (2009).

Plunkett was the only witness to identify Grindle as the Gwinnett County purse snatcher. The remaining evidence linking Grindle to the Gwinnett County crimes was circumstantial. Although we find that, even if Plunkett's statement to the detective had been excluded, the remaining circumstantial evidence, as shown more fully in Division (1) (b), would have been sufficient to prove Grindle's guilt beyond a reasonable doubt, the absence of Plunkett's statement would nevertheless have seriously weakened the State's case. Consequently, but for counsel's failure to object to or move to have this testimony excluded, there is a reasonable probability that the outcome of the trial would have been different. See, e.g., *Grimes v. State*, 291 Ga. App. 585, 590-594 (2) (662 SE2d 346) (2008) (trial counsel's failure to object to improper identification testimony constituted deficient performance and prejudiced defendant); *Joncamlae v. State*, 267 Ga. App. 214, 216-218 (1) (598 SE2d 923) (2004) (trial counsel's failure to object to tainted in-court identification constituted deficient performance and prejudiced defendant); *Mann v. State*, 252 Ga. App. 70, 72-74 (1) (555 SE2d 527) (2001) (trial counsel's failure to object to improper testimony bolstering witness's credibility constituted deficient performance and prejudiced defendant). Therefore, the trial court erred in denying Grindle's motion for new trial on this basis.

(b) Grindle argues that, absent the evidence of Plunkett's custodial statements identifying him as the Gwinnett County robber, the remaining evidence[3] would have been insufficient to identify him as the perpetrator of the crimes charged beyond a reasonable doubt.

---

[2] The necessity exception to the hearsay rule requires that the out-of-court declaration be given under circumstances indicating particularized guarantees of trustworthiness. The out-of-court statements of an accomplice have been held to be inherently unreliable. See *Soto v. State*, 285 Ga. 367, 370 (2) (b) (677 SE2d 95) (2009). Further, "a conspirator's post-arrest statement to police incriminating a co-conspirator terminates the conspiracy, rendering the statement admissible only against the declarant." (Footnotes omitted.) *Fetty v. State*, 268 Ga. 365, 371 (7) (489 SE2d 813) (1997).

[3] Grindle also challenged the admission of the similar transaction evidence. However, as we held in *Grindle v. State*, 265 Ga. App. 717, 718 (2) (595 SE2d 549) (2004), the trial court was authorized to find that the Barrow County and Gwinnett County crimes "were part of a continuing course of conduct and single crime spree so that evidence of one was admissible in a trial of the other."

We disagree.

Assuming that Plunkett's hearsay statements had no probative value,[4] the remaining evidence, though circumstantial, would nevertheless authorize the jury to infer that Grindle was the Gwinnett County purse snatcher who caused the victim's injuries beyond a reasonable doubt.

The Gwinnett County witnesses saw the robber get in the front passenger seat of a car later identified as Gonzalez' car. From the evidence adduced, the jury could infer that Gonzalez was driving and that Plunkett was the back-seat passenger. The robber had a round tattoo high on his left shoulder. Grindle had such a tattoo; Plunkett did not. Grindle was caught in Gonzalez' car immediately after the Barrow County purse snatching, a robbery which Plunkett, the back-seat passenger, admittedly perpetrated. Proceeds of both robberies were found in the car. From this evidence, the jury could infer that Grindle, the front-seat passenger with the round tattoo, perpetrated the Gwinnett County crimes. Although Grindle argues that, given the roughly half-day lapse in time between the two robberies, it is possible that another white male with a round tattoo high on his left shoulder could have committed the Gwinnett County robbery, the reasonableness of that hypothesis was for the jury to decide. *Haney v. State*, 261 Ga. App. 136, 138 (1) (581 SE2d 626) (2003) ("Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury.") (citations and punctuation omitted); see also *Brown v. State*, 170 Ga. App. 398, 400 (5) (317 SE2d 207) (1984) ("The mere possibility that someone other than the defendant committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a verdict of guilty.") (citations and punctuation omitted).

2. We need not reach Grindle's remaining enumerations, as they are not likely to recur at retrial.

*Judgment reversed and case remanded. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 27, 2009.

*Sliz, McKinney & Drake, Scott A. Drake*, for appellant.

---

[4] "Hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact." *In re Burton*, 271 Ga. 491, 494 (3) (521 SE2d 568) (1999). Thus, "erroneously-admitted hearsay may not be considered in reviewing the sufficiency of the evidence." (Citations and punctuation omitted.) *Willingham v. State*, 279 Ga. 886, 888 (2) (622 SE2d 343) (2005).

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.