**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 20, 2016**

# In the Court of Appeals of Georgia

A16A0262. HEATHERLY v. THE STATE.                              PE-008C

PETERSON, Judge.

Robert Wayne Heatherly, Jr. appeals from the denial of his motion for a new trial following his conviction for theft by taking. He argues that the trial court erred by not reversing his conviction because there was no corroboration of the accomplice witness testimony. We disagree. We affirm Heatherly's conviction because the resulting misdemeanor conviction does not require corroborating evidence.

"On appeal, the evidence must be viewed in the light most favorable to support the verdict, and the appellant no longer enjoys a presumption of innocence." *Culver v. State*, 230 Ga. App. 224, 224 (496 SE2d 292) (1998) (citing *Williams v. State*, 228 Ga. App. 698, 699 (1) (492 SE2d 708) (1997)). So viewed, the evidence shows that Heatherly was a third shift supervisor at Dalton Paper Products. Sometime between

May and June of 2012, the plant manager received an anonymous phone call informing him that a plant employee, Donald Malone (Heatherly's co-defendant), was stealing from the plant. The plant manager was also separately informed that certain parts had gone missing from a secured area of the plant. The plant manager involved police, who interviewed Malone. Malone confessed to selling the missing parts as scrap for cash, and said that Heatherly had been the one providing Malone with the parts to sell. Heatherly was charged with felony theft by taking, and Malone testified against Heatherly at his bench trial as part of a plea deal. All of the receipts for the sale of the scrap were in Malone's name. Some of the receipts contained descriptions of the seller's vehicle, which matched. There was no evidence of any split of proceeds from the sale of the parts for scrap, and there was no testimony linking Heatherly and Malone together outside of work.

Heatherly was found guilty of felony theft by taking, which, following a restitution hearing, was amended to misdemeanor theft by taking based on the value of the stolen items. Heatherly filed a motion for a new trial arguing that there was no corroborating evidence to support his conviction, which the trial court denied. This appeal followed.

Heatherly argues as his only enumeration of error that his conviction must be reversed because there was not evidence to corroborate Malone's accomplice testimony. We disagree.

We review the denial of a motion for a new trial for abuse of discretion. *Mondy v. State*, 229 Ga. App. 311, 312 (1) (494 SE2d 176) (1997). OCGA § 24-14-8 provides that in prosecutions for felonies "where the only witness is an accomplice, the testimony of a single witness shall not be sufficient," although "corroborating circumstances may dispense with the necessity for the testimony of a second witness[.]" OCGA § 24-14-8. Generally, the State "must provide corroboration of an accomplice's testimony regarding the identification and participation of the defendant." *Gilmore v. State*, 315 Ga. App. 85, 87 (1) (726 SE2d 584) (2012) (footnote omitted).

Here, Heatherly was prosecuted for and initially convicted of a felony, and under our state's law, corroborating evidence would be required to sustain that conviction. But this is not the posture in which this case greets us, because the trial court corrected Heatherly's conviction to be a misdemeanor. And "in numerous decisions our courts have held that corroboration of an accomplice is not necessary to sustain a misdemeanor conviction." *Lee v. State*, 199 Ga. App. 246, 246 (1) (409

3

SE2d 598) (1991) (punctuation and citation omitted); *see also Youmans v. State*, 51 Ga. App. 373, 374 (3) (180 SE 495) (1935). The trial court did not abuse its discretion in denying the motion for a new trial here.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur*.