301 Ga. 386
FINAL COPY

S16G1498. HEATHERLY v. THE STATE.

HINES, Chief Justice.

This Court granted certiorari to the Court of Appeals in *Heatherly v. State*, 336 Ga. App. 875 (785 SE2d 431) (2016), to determine whether the Court of Appeals erred in affirming Robert Wayne Heatherly's misdemeanor conviction. Finding that the Court of Appeals was correct in rejecting Heatherly's assertion that, in this case, the testimony of a single witness accomplice had to be corroborated, we affirm.

Construed to support the trial court's judgment after it conducted Heatherly's bench trial, the evidence showed that in 2012, Heatherly and Donald Lewis Malone worked at an industrial plant owned by Dalton Paper Products, Inc. Plant officials discovered that certain materials were missing from a secured area of the plant, and the plant manager received an anonymous telephone call informing him that Malone was stealing from the plant. Law enforcement investigators interviewed Malone, who confessed to selling stolen

materials, and stated that Heatherly provided the materials. Both men were charged with theft by taking under OCGA § 16-8-2,[1] and, as part of a plea agreement, Malone agreed to testify at Heatherly's trial; during that testimony, Malone stated that Heatherly initiated the plan to steal materials from the plant, that Malone would sell the materials as scrap metal, and that on two occasions he met Heatherly at a convenience store near the plant after Heatherly ended his night shift, and received from him materials taken from the plant, and that the agreement between the two men involved an equal split of the proceeds from any sale of the materials that Malone accomplished.

Heatherly was originally charged with theft by taking property valued at more than $500, which under former OCGA § 16-8-12 (a) (1),[2] the then-

---

[1] OCGA § 16-8-2 reads:
    A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.

[2] At the time of Heatherly's offense, OCGA § 16-8-12 read in pertinent part:
    (a) A person convicted of a violation of Code Sections 16-8-2 through 16-8-9 shall be punished as for a misdemeanor, except:
        (1) If the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor . . . .

applicable sentencing statute, would have subjected him to felony punishment.[3]

However, the court ultimately determined that the value of the stolen property

was less than $500, and convicted and sentenced Heatherly for a misdemeanor

offense.[4]

Heatherly appealed, and argued in his sole enumeration of error presented

to the Court of Appeals that, as he had originally been charged with theft by

taking property with a value of more than $500, regardless of the eventual proof

of the value of the stolen property, and regardless of his eventual sentence, his

case must be considered a "felony case" for purposes of OCGA § 24-14-8,[5]

---

[3] This Court has previously noted that OCGA §§ 16-8-2 and 16-8-12 are part of a statutory structure in which

> OCGA §§ 16-8-2 through 16-8-9 set forth a series of theft-related criminal offenses including theft by taking, which prohibits "unlawfully tak[ing] . . . any property of another with the intention of depriving him of the property," OCGA § 16-8-2. OCGA § 16-8-12 then establishes different punishment ranges for different varieties of theft. "If the property which was the subject of the theft exceeded $500.00 in value," the penalty is "imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor." OCGA § 16-8-12 (a) (1).

*Harris v. State*, 286 Ga. 245, 245 (2) (686 SE2d 777) (2009).

[4] Although there may have been some irregularities, which we do not approve, before entry of the trial court's misdemeanor conviction and sentence, Heatherly did not raise any objection below to the trial court's procedure and did not present any issue regarding it to the Court of Appeals; no question regarding the trial court's procedure is encompassed in this Court's grant of the writ of certiorari, and it will not be addressed in this opinion.

[5] OCGA § 24-14-8 reads:

The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single

which provides that the "[t]estimony of a single witness is generally sufficient to establish a fact [but in] felony cases where the only witness is an accomplice, the testimony of a single witness shall not be sufficient." He also asserted that under the State's evidence and the trial court's judgment, Malone must be considered an accomplice of Heatherly's,[6] and that there was no evidence corroborating Malone's testimony that Heatherly was involved in the theft of the materials from the plant.

The Court of Appeals rejected Heatherly's argument, deciding that, even though Heatherly was initially prosecuted for theft by taking that would result in felony punishment, he was ultimately convicted of, and sentenced for, theft that carried misdemeanor punishment, and as OCGA § 24-14-8 does not require corroboration of accomplice testimony for a misdemeanor level conviction such as Heatherly's, any argument built on a characterization of his appeal as involving a "felony case" was misplaced. This was not error.

Certainly, that a defendant like Heatherly is charged with a felony level

witness shall not be sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

[6] We assume for the purposes of this opinion that Heatherly and Malone were, in fact, accomplices. See *Selvidge v. State*, 252 Ga. 243, 244-245 (313 SE2d 84) (1984).

of theft has implications for his prosecution at trial. Of course, the trial court must instruct the jury as to the requirement that it has to find value in a felony amount in order to support a felony conviction.[7] See *Brown v. State*, 302 Ga. App. 641, 645-646 (3) (a) (692 SE2d 9) (2010); *Price v. State*, 283 Ga. App. 564, 566-567 (4) (642 SE2d 191) (2007).[8] And, the evidence must be sufficient to sustain a guilty verdict for a felony level theft, if one is found. See *Mendez v. State*, 327 Ga. App. 497, 498-499 (1) (759 SE2d 574) (2014); *Gorham v. State*, 287 Ga. App. 404, 405-406 (1) (651 SE2d 520) (2007) reversed on other grounds, *McCart v. State*, 289 Ga. App. 830, 833 (1) (658 SE2d 465) (2008). See also *Reese v. State*, 313 Ga. App. 746, 747-748 (1) (b) (722 SE2d 441) (2012), involving theft by receiving, which is also sentenced under OCGA § 16-8-12. But, no issue regarding sufficiency of the evidence for a *felony* theft conviction is presented here; Heatherly was convicted of a *misdemeanor* level

---

[7] The fact that a defendant chooses a bench trial does not alter the law that is to be applied by the factfinder. See *Brown v. State*, 277 Ga. 573, 573-574 (2) (592 SE2d 666) (2004); *Joyner v. State*, 267 Ga. App. 309, 311 (2) (599 SE2d 286) (2004).

[8] Similarly, upon proper request, and when supported by the evidence, the trial court is to instruct the jury on the law regarding the corroboration of accomplice testimony under OCGA § 24-14-8. See *Hamm v. State*, 294 Ga. 791, 795 (2) (756 SE2d 507) (2014). See also *Lyman v. State*, 301 Ga. 312, 314 (1) (800 SE2d 333) (2017).

theft.[9]   See OCGA § 16-1-3 (4).[10]   And, it is from the misdemeanor final judgment of conviction and sentence that Heatherly brought his appeal, see OCGA § 5-6-34 (a) (1),[11] and the fact that he was originally indicted for a felony grade theft does not alter that.

We note that this is not the first time that this Court has been faced with a situation similar to that presented here, i.e., a theft initially alleged to have involved property of a value that would warrant felony punishment when there is then evidence introduced that the value of the property would warrant only

[9] This is not a case in which Heatherly was charged with theft of property with a specified value establishing misdemeanor punishment, and then, when evidence established a felony value, was faced with a felony sentence.  See *Stratacos v. State*, 293 Ga. 401, 410-411 (3) (748 SE2d 828) (2013), regarding the requirement that, as value of over $500 in a crime punished under OCGA § 16-8-12 would increase the maximum penalty, that value would have to be treated as an element of the crime, charged in the indictment, and proved to the factfinder beyond a reasonable doubt. Rather, Heatherly was clearly indicted for theft by taking "property of Dalton Paper Products, Inc., with a value greater than five hundred dollars ($500.00) . . . ."

[10] OCGA § 16-1-3 (4) reads:
"Conviction" includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty.

[11] OCGA § 5-6-34 (a) (1) reads:
        (a) Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state:
                (1) All final judgments, that is to say, where the case is no longer pending in the court below. . . .

misdemeanor punishment, and the factfinder is properly aware of the law as to the lesser grade theft; and, to support a misdemeanor conviction in such case, the factfinder would not have to find that the testimony of an accomplice was corroborated. In *Wall v. State*, 75 Ga. 474 (3) (1885), the defendant was indicted for larceny of an amount greater than fifty dollars, which under the law at the time would have subjected him to felony punishment, but as there was evidence that the value of the stolen

> property was less than $50 in value, there was no error in charging that corroboration of the testimony of accomplices was not essential to a conviction, if the jury should be of the opinion that the offense amounted to nothing more than a misdemeanor.

Id.[12] Accordingly, even though the prosecution was initiated as one seeking

---

[12] At the time *Wall*, supra, was decided in 1885, the statutory structure regarding theft crimes and punishment was similar to that more recently recognized in *Harris*, supra; it was the value of stolen property that would subject an offender to felony punishment, or misdemeanor punishment if the felony value was not met, and at the time, that statutory value was fifty dollars. See Code of 1882, § 4414, which read:

> *Larceny from the house, penalty.* Any person who, by day or night, shall, in any dwelling-house, store, shop, warehouse, or any other building, privately steal any goods, money, chattels, wares, or merchandise, or any other article or thing, under the value of fifty dollars, shall be punished as prescribed in section 4310 of this Code; and any person who, by day or night, shall, in any dwelling-house, store, shop, warehouse, or any other house or building, privately steal any goods, money, chattels, wares, or merchandize [sic], or any other article or thing, of the value of fifty dollars or more, shall be punished by imprisonment and labor in the penitentiary, for any time not less than one, nor longer than ten years.

And, Section 4310 of the Code of 1882 provided for a fine not to exceed a thousand dollars, imprisonment not to exceed six months, or work on a chain-gang not to exceed twelve months. Further, that the testimony of an accomplice did not have to be corroborated to support  a

felony punishment, the factfinder was empowered to determine that the value of the property taken was less than the felony value, and when that was the decision the factfinder reached, the case was not a "felony case" for purposes of the accomplice corroboration requirement.

Judgment affirmed. Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Grant, JJ., and Judge John E. Morse concur. Peterson, J., disqualified.

Decided June 19, 2017.

Certiorari to the Court of Appeals of Georgia — 336 Ga. App. 875.

Michael R. McCarthy, for appellant.

Herbert M. Poston, Jr., District Attorney, Dixon A. Lackey III, Assistant

---

misdemeanor conviction was also then recognized by statute, and Section 3755 of the Code of 1882 read:

> *Number of witnesses necessary.* The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as to convict of treason or perjury, in any case of felony where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity – in these cases (except in treason) corroborating circumstances may dispense with another witness.

Accordingly, the situation in 1885 was as it is now; the theft crime was set forth in one Code section, punishment based upon the value of the property was in another Code section, and the requirement that accomplice testimony be corroborated "in any case of felony" (but not misdemeanor) was set forth in yet a third Code section.

District Attorney, for appellee.

Brandon A. Bullard, James C. Bonner, Jr., Bryan P. Tyson, amici curiae.